**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

JOHN DOE,

                Plaintiff,

    v.

PHILIP BALDEO, M.D.,

            Defendant.

**<u>COMPLAINT</u>**

Civil Action No.:

**JURY TRIAL DEMANDED**

Plaintiff, John Doe ("Plaintiff" or "Doe"), by and through his undersigned counsel, hereby files this Complaint against Philip Baldeo, M.D. ("Defendant" or "Baldeo") and in support thereof, alleges as follows:

<u>**PARTIES**</u>

1.    John Doe is a forty-four year old tradesman who resides in the State of New York. He brings this Complaint using a pseudonym because of the personal and sensitive nature of the allegations of labor trafficking in this Complaint.

2.    Doe fears retribution, embarrassment, and retaliation if his identity as a victim of trafficking were to become publicly known.

3.    Requiring Doe to disclose this highly sensitive and personal information in public court records, in order to assert his claims against Defendant, will only serve to further re-victimize Doe and compound the harm for which he seeks redress through this litigation.

4.    Defendant Philip Baldeo, M.D. is a citizen of the State of New York and a resident of Jamaica, Queens County, New York.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because the action arises in part under the TVPA, 18 U.S.C. §§ 1581-1597, and the FLSA, 29 U.S.C. §§ 201-219a.

6.      This Court has supplemental subject matter jurisdiction over John Doe's state law claims pursuant to 28 U.S.C. § 1367.

7.      Defendant is subject to personal jurisdiction in this District because Defendant has purposefully availed himself of the privilege of conducting activities in this District, and Doe's claims arise out of those activities.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## THE FACTS

9.      In approximately early 2018, John Doe, a tradesman, met Defendant, a physician, and was offered employment to perform maintenance work at several properties Defendant owned.

10.     Doe accepted employment and worked for Defendant from approximately February 2018 until approximately February 2021.

11.     The majority of the work that Doe performed was at a vacant property owned by Defendant located at 156 West 15th Street, New York, New York 10011 ("the Building").

**A. Unfulfilled Promises of Payment:**

12.     Defendant refused to pay Doe in currency for his work, and instead, promised Doe that in return for his services, he would help him with his immigration papers, and help Doe set up a company for Doe's home improvement trade.

13.     Defendant also promised that he would save, on Doe's behalf, the money that Doe earned for work completed in the Building and other properties.

14.     Defendant, after being made aware that Doe is a diabetic, and that Doe did not have health insurance, also promised that he would pay for Doe's diabetes medication if Doe worked for him.

15.     None of these promises were ever fulfilled.

16.     The only payment Doe ever received was a meager stipend of $200/week.

17.     Doe trusted Defendant, as he is a physician by profession.

18.     However, whenever Doe confronted Defendant about fulfilling the promises Defendant made to him, his concerns were brushed off.

**B.  Working Conditions**

19.     Defendant forced Doe to work 24 hours a day, 7 days a week, the majority of which took place in the Building.

20.     In addition to maintenance work during the days and evenings, Doe was required specifically to reside on the first floor of the building near a front window to provide overnight security, as there had been previous break-ins.

21.     If Defendant was not satisfied with work completed in the Building, or thought that Defendant was not working enough, he would berate Doe and call him names including, but not limited to, "stupid" and "dumb", and hit Doe in the head and throw him into a wall.

22.     Doe eventually learned that on August 19, 2019, the New York City Buildings Department posted a Stop Work Order (SWO) on the Building, and learned that the Building was uninhabitable.

3

23.    Despite the SWO, Defendant instructed Doe to lock the doors of the building and keep working. He also instructed Doe to continue to live in the building, and informed Doe that if he reported this to the police, Defendant would have Doe put in jail or deported.

24.    In or around January 2021, Doe fell ill to the point where he was unable to work.

25.    Defendant required Doe to continue working.

26.    Over the course of this period, Doe would take Dayquil and Nyquil to keep up with his workload. However, his medical condition kept declining, and he could not physically perform his tasks.

27.     Defendant threatened Doe that if he did not complete his work, Defendant would take money out of the savings he had allegedly kept for the work that Doe completed.

28.    Defendant also threatened Doe that if he did not start working again, Defendant would charge Doe $35,000/year for the apartment Doe was residing in, plus utilities.

29.    Defendant also threatened Doe that if he did not continue working, Defendant would come to the Building and Doe would "not like the results."

30.    Doe was too scared to inform authorities because of Defendant's threats of jail time and deportation.

31.    As Doe was too ill to work, in or around approximately January or February 2021, Defendant came to Doe's apartment, and began throwing Doe's belongings all over the Building.

32.    Defendant also physically threw Doe into a wall and slapped him in the head.

33.    Defendant then grabbed Doe's jacket, and walked Doe down the stairs, pushed Doe out of the building, and locked the door while stating: "Get the f--- out of my property; you're lazy, you don't want to work."

34.     Defendant again threatened Doe that if he called the authorities Doe would end up in jail or deported.

35.     The next day, Defendant went to the hospital and was diagnosed with COVID-19.

36.     After Doe recovered from his illness, he reported Defendant to the police.

37.     As a result, Defendant has been indicted in New York State Supreme Court, New York County, under indictment number #1880/2021, in which he has been charged with two counts of Labor Trafficking under P.L. 135.35(1) and P.L. 135.35(3)(d), as well as one count of Coercion in the Third Degree under P.L. 135.60(9).

## CLAIMS ALLEGED

### COUNT I
### Forced Labor in Violation of the TVPA,18 U.S.C. §§ 1589(a), 1595

38.     Doe repeats, re-alleges, and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

39.     Under 18 U.S.C. § 1589(a), it is unlawful to "knowingly provide[] or obtain[] the labor or services of a person ... (1) by means of force, threats of force, or threats of physical restraint to that person or another person; (2) by means of serious harm or threats of serious harm to that person or another person; (3) by means of the abuse or threatened abuse of law or legal process; or (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint."

40.     As alleged herein, Defendant knowingly provided or obtained Doe's labor and services by: force, threats of force; threats of serious harm, including financial harm; abuse or threatened abuse of law or legal process; and/or a scheme, plan, or pattern intended to cause Doe to believe that if he did not perform the labor or services, he would suffer serious harm, including

physical and financial harm, in violation of the forced labor provision of the TVPA, 18 U.S.C. § 1589(a).

41.     Defendant knowingly provided or obtained Doe's labor by threats of force by reprimanding, berating, and physically assaulting him whenever he did not follow Defendant's orders.

42.     Defendant knowingly provided or obtained Doe's labor by means of serious harm or threats of serious harm, including financial harm, by forcing him to work close to 24 hours a day 7 days a week, for a stipend of approximately $200 per week, and threatening to reduce or confiscate his savings allegedly kept by Defendant if Doe did not follow orders.

43.     Defendant knowingly obtained Doe's labor by means of the abuse or threatened abused of law or legal process by making Doe believe that if he reported his working conditions or abuse to the authorities, he would be subject to arrest and/or deportation.

44.     Such threats constitute a scheme that caused Doe to believe that he had no option but to continue working for Defendant or suffer serious harm under 18 U.S.C. § 1589(a)(1) and (2).

45.     Under 18 U.S.C. § 1589(b), it is unlawful to "knowingly benefit[], financially or by receiving anything of value, from participating in a venture which has engaged in the providing or obtaining of labor or services by any of the means described in subsection (a), knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor or services by any such means."

46.     As alleged herein, Defendant knowingly benefited, financially or by receiving something of value, from participation in a venture that violated 18 U.S.C. § 1589(a), knowing or in reckless disregard of the fact that the venture was engaging in activity that violated § 1589(a).

47.     Defendant knowingly benefited financially or by receiving something of value, namely Doe's services and labor for minimal to nearly no compensation, from participation in a venture that resulted in Doe's forced labor and involuntary servitude, knowing or in reckless disregard of the fact that his activity violated 18 U.S.C. § 1589(a), as alleged above.

48.     Doe brings this claim for relief pursuant to 18 U.S.C. § 1595.

49.     As a direct and proximate result of Defendant's actions, Doe has suffered damages in an amount to be established at trial.

50.     Doe is entitled to recover damages to account for the full value of his losses, including but not limited to emotional distress, lost wages, punitive damages, and other losses suffered by Doe as a proximate result of Defendant's conduct, and reasonable attorneys' fees incurred in this action.

## COUNT II
## Involuntary Servitude in Violation of the TVPA, 18 U.S.C. §§ 1584,1595

51.     Doe repeats, re-alleges, and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

52.     Under 18 U.S.C. § 1584(a), it is unlawful to "knowingly and willfully hold[] to involuntary servitude or sell[] into any condition of involuntary servitude, any other person for any term, or bring[] within the United States any person so held." Under 22 U.S.C. § 7102(5), "[i]nvoluntary servitude" includes "a condition of servitude induced by means of...any scheme, plan, or pattern intended to cause a person to believe that, if the person did not enter into or continue in such condition, that person or another person would suffer serious harm or physical restraint; or ...the abuse or threatened abuse of the legal process."

53.     As alleged herein, Defendant knowingly and willfully subjected Doe to a condition of involuntary servitude for a period of almost three years in violation of 18 U.S.C. § 1584 that led

7

him to believe he would suffer serious financial harm and physical abuse if he did not comply with Defendant's work demands. Defendant also abused the legal process by threatening that Doe would be subject to arrest and/or deportation if he reported his working conditions to the police.

54.     Defendant's threats and coercion caused Doe to reasonably believe that he had no alternative but to continue to work for Defendant.

55.     Doe brings this claim for relief pursuant to 18 U.S.C. § 1595.

56.      As a direct and proximate result of Defendant's actions, Doe has suffered damages in an amount to be established at trial.

57.     Doe is entitled to recover damages to account for the full value of his losses, including but not limited to, emotional distress, lost wages, punitive damages, and other losses suffered by Doe as a proximate result of Defendant's conduct, and reasonable attorneys' fees incurred in this action.

### COUNT III
### Benefitting Financially from Trafficking in Persons in Violation of the
### TVPA, 18 U.S.C. §§ 1593A, 1595

58.     Doe repeats, re-alleges, and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

59.     18 U.S.C. § 1593A makes it unlawful to "knowingly benefit[], financially or by receiving anything of value, from participation in a venture which has engaged in any activity in violation of this chapter, knowing or in reckless disregard of the fact that the venture has engaged in such violation" to the same extent "as a completed violation of such section."

60.     As alleged herein, Defendant knowingly benefited, financially or by receiving something of value, from participation in a venture that violated 18 U.S.C. § 1589(a), knowing or in reckless disregard of the fact that the venture was engaging in activity that violated § 1589(a).

61.     Doe brings this claim for relief pursuant to 18 U.S.C. § 1595.

62.     As a direct and proximate result of Defendant's actions, Doe has suffered damages in an amount to be established at trial.

63.     Doe is entitled to recover damages to account for the full value of his losses, including but not limited to emotional distress, lost wages, punitive damages, and other losses suffered by Doe as a proximate result of Defendant's conduct, and reasonable attorneys' fees incurred in this action.

**COUNT IV**
**Failure to Pay Federal Minimum Wage in Violation of the FLSA, 29 U.S.C. §§ 206, 216**

64.     Doe repeats, re-alleges, and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

65.     At all relevant times, Defendant acted as Doe's "employer" within the meaning of 29 U.S.C. § 203(d).

66.     At all relevant times, Doe was an "employee" of Defendant within the meaning of 29 U.S.C. § 203(d).

67.     At all relevant times, Defendant failed and refused to pay Doe minimum wage for all hours worked, in accordance with § 206 of the FLSA.

68.     Doe, as non-management employee partaking in maintenance work, is covered under the FLSA and is entitled to minimum wage and overtime pay under the FLSA. Doe is not exempt from the application of FLSA §213(a) nor the regulations of 29 C.F.R. Part 541.

69.     Defendant's failure to pay required compensation constitutes a willful violation of the FLSA and is within the statute of limitations under 29 U.S.C § 255(a). Defendant acted knowingly, willfully, or with reckless disregard that his conduct was prohibited, in failing to pay Doe the required wage.

70.     Doe brings this claim for relief pursuant to 29 U.S.C. § 216(b).

71.     As a direct and proximate result of Defendant's unlawful acts, Doe has been deprived of wages due to him, in an amount to be established at trial.

72.     As Defendant's employer, Defendant is liable to Doe for his unpaid minimum wages, plus an equal additional amount as liquidated damages, reasonable attorneys' fees, costs of the action, and any other appropriate relief under the FLSA.

### COUNT V
### Fraud

73.     Doe repeats, re-alleges, and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

74.     Defendant intentionally and knowingly made false representations of material fact, with the intent to mislead Doe, who relied on the false representations and consequently suffered damages.

75.     Before Doe came to work for Defendant, Defendant made false representations of material fact to him, including, but not limited to, statements regarding how Doe was to be paid, including promises that Defendant would keep Doe's payment in savings, help him with his immigration paperwork, assist him in building a business, and purchasing Doe's diabetes medication.

76.     Defendant provided Doe with false information as these representations were never fulfilled.

77.     At the time Defendant made these statements, he knew them to be false. Defendant never had any intention of carrying out the representations.

78.     Defendant intentionally and knowingly made these statements with the purpose of misleading Doe to believe that as a result of working for Defendant he would receive help with

10

the immigration process, assistance with building his own business, be provided healthcare in the form of diabetes medication, and have the money he earned kept in savings by Defendant on his behalf.

79.     Doe reasonably and justifiably relied on Defendant's representations.

80.     As a result, Doe suffered damages, as he was forced to work for Defendant for less than minimum wage and was denied basic human rights.

81.     Defendant committed these acts maliciously and oppressively, with the wrongful intent of causing harm to Doe and in conscious disregard for his well-being.

82.     Defendant obstructed Doe from bringing a claim of fraud by direct and indirect means, including lying about Doe's compensation.

83.     As a direct and proximate result of Defendant's misrepresentations, Doe has suffered damages, including economic and emotional harm.

84.     Doe is entitled to recover damages in an amount to be determined at trial, including punitive damages, attorneys' fees, and the cost of this action.

## COUNT VI
## Assault and Battery

85.     Doe repeats, re-alleges, and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

86.     Defendant's conduct constitutes assault as defined in Article 120 of the New York Penal Law, including, without limitation, conduct constituting assault in the third degree (N.Y. Penal Law § 120.00).

87.     Defendant inflicted unwanted touching and other offensive physical contact upon Doe's person, and exposed him to other offensive conduct, and placed him in immediate fear of receiving such touching and physical contact.

88.     Defendant intentionally assaulted and battered Doe, causing him to endure physical injury and harm, humiliation, embarrassment, shame, fear, anxiety, and extreme emotional distress, as well as psychological trauma.

89.     As a direct and proximate result of Defendant's conduct, Doe was caused to suffer bodily injury and extreme emotional trauma, all to his detriment.

90.     Doe did not come forward immediately due to his fear of embarrassment and humiliation, his fear of retaliation by Doe, and his fear of further physical and mental abuse. Doe's action is nevertheless timely by virtue of Civil Practice Law & Rules (CVP) §215(8)(a) in which plaintiff shall have at least one year from the termination of the criminal action as defined in New York Criminal Procedure Law § 1.20 in which to commence the civil action, notwithstanding that the time in which to commence such action has already expired or has less than a year remaining.

91.     The limitation of liability set forth in NYCPLR Art. 16 is not applicable to the claim of personal injury alleged herein, by reason of one or more of the exemptions provided in NYCPLR § 1602, including, without limitation, that Defendant acted with reckless disregard for the safety of others, including Doe, and knowing or intentionally caused injury to Doe.

## REQUEST FOR RELIEF

WHEREFORE, Doe prays that the Court enter judgment in his favor, and against Defendant as follows:

a.  That the Court award Doe compensatory, consequential, general, and nominal damages in an amount to be determined at trial;

b.  That the Court award punitive or exemplary damages in amount to be determined at trial;

c.  That the Court award to Doe the costs and disbursements of the action, along with reasonable attorneys' fees, costs, and expenses;

d.   That the Court award pre- and post-judgment interest at the maximum legal rate; and

e.   That the Court grant all such other relief as it deems just and proper.

**<u>JURY DEMAND</u>**

Doe demands a trial by jury on all claims so triable.

Dated: February 1, 2022

By:  _____
GREG G. GUTZLER, ESQ.
F. FRANKLIN AMANAT, ESQ.
CARMEL T. KAPPUS, ESQ.
**DiCELLO LEVITT GUTZLER, LLC**
60 East 42nd Street, Suite 2400
New York, New York 10022
(646) 933-1000
ggutzler@dicellolevitt.com
famanat@dicellolevitt.com
ckappus@dicellolevitt.com

*Counsel for Plaintiff*