LEVITT & KAIZER
ATTORNEYS AT LAW
40 FULTON STREET
17ᵀᴴFLOOR
NEW YORK, NEW YORK 10038-1850

RICHARD WARE LEVITT*
rlevitt@landklaw.com

NICHOLAS G. KAIZER*
nkaizer@landklaw.com

ZACHARY SEGAL
zsegal@landklaw.com

EMILY GOLUB
   of counsel
emilygolublaw@gmail.com

* ADMITTED IN N.Y., FLA., AND D.C.

TELEPHONE
(212) 480-4000

FACSIMILE
(212) 480-4444

February 10, 2022

Hon. Barbara C. Moses
United States Magistrate Judge
Southern District of New York
U.S. Courthouse
500 Pearl Street
New York, NY 10007

> *Re:*   ***Doe v. Baldeo,***
> **22-CV-00917 (KPF)(BCM)**

Dear Magistrate-Judge Moses:

We represent Defendant Philip Baldeo, M.D. in the above-captioned matter and submit this uncontested letter motion to stay these proceedings pending the outcome of the criminal charges now pending against Dr. Baldeo in New York County Supreme Court, Indictment No. 1880/2021. A proposed Order is attached.

**Facts**

On September 20, 2021, 64-year old Philip Baldeo was arrested by the N.Y. County District Attorney's Office and charged by Indictment with Labor Trafficking in violation of N.Y. Penal Law § 135.35(1) (Count One); Labor Trafficking in violation of Penal Law § 135.35(3)(d) (Count Two); and Coercion in the Third Degree, in violation of Penal Law § 135.60(9) (Count Three). Counts One and Two are D felonies, Count Three is an A misdemeanor.

Briefly, in the underlying criminal action the People charge that Dr. Baldeo mistreated Plaintiff herein, an undocumented immigrant, who allegedly worked for Dr. Baldeo from 2018 until 2021, mainly at Dr. Baldeo's 10-unit rental building located in Manhattan. The People allege that Dr. Baldeo withheld pay from Complainant, coerced him to continue working for him by threatening to call INS, and falsely claiming he owed Dr. Baldeo money as rent for staying in one of his apartments.

Dr. Baldeo has pleaded not guilty. Undersigned counsel is representing Dr. Baldeo in state court. The matter is next scheduled for February 14, 2022, for a decision on defendant's pretrial motions.

LEVITT & KAIZER
ATTORNEYS AT LAW

Hon. Barbara C. Moses
February 10, 2022
Page-2-

On February 2, 2022, Complainant in the criminal matter filed the instant civil suit alleging substantially similar violations as to those charged by the People in the New York prosecution. Here, Plaintiff alleges violations of 18 U.S.C. § 1581, *et. seq.,* regarding forced labor (Counts I , II and III), failure to pay minimum wage in violation of the Fair Labor Standards Act (29 U.S.C. § 206) (Count IV), Fraud (Count V) and Assault and Battery (Count VI). We have agreed to accept service of the Summons and Complaint on Dr. Baldeo's behalf.

The factual claims in this Complaint are substantially similar to those made in the New York State Indictment. Given the close parallel between the criminal charges and the civil claims, the parties agreed that a stay of the instant matter pending resolution of the criminal charges is appropriate, though reserving to the parties the right to request a lifting of the stay upon a showing of good cause.

**Legal Authority for Stay**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Corley v. Vance*, 2016 WL 11717323, at *1–2 (S.D.N.Y., 2016)(KPF) citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones,* 520 U.S. 681, 706-08, (1997); *Kashi v. Gratsos,* 790 F.2d 1050, 1057 (2d Cir. 1986) ("[A] court *may* decide in its discretion to stay civil proceedings when the interests of justice seem to require such action.").

On February 3, 2022, Your Honor was designated by Judge Failla pursuant to 28 U.S.C. § 636. Magistrate Judges have  the district court's power whether to stay civil proceedings. *See e.g. U.S. v. District Council of New York City and Vicinity of United Broth. of Carpenters and Joiners of America*, 1991 WL 243385, at *6 (S.D.N.Y.1991) (Katz, M.J.) ("I conclude that the defendants have failed to meet their burden of showing entitlement to a stay"). This Court is therefore authorized to consider a stay request and to enter a stay of proceedings.

The standards for a stay of civil discovery because of a parallel criminal proceeding are well-established. The Second Circuit has held that "a court may decide in its discretion to stay civil proceedings ... 'when the interests of justice seem ... to require such action.'" *Kashi v. Gratsos,* 790 F.2d 1050, 1057 (2d Cir. 1986) (*citing and quoting S.E.C. v. Dresser Industries,* 628 F.2d 1368, 1372 (D.C. Cir.) (*en banc* ), *cert. denied,* 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980) and *Kordel,* 397 U.S. at 12 n. 27, 90 S.Ct. at 770 n. 27). The factors a court should consider in making this determine are well-known:

> In making determinations about stays, courts often consider: 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the

LEVITT & KAIZER
ATTORNEYS AT LAW

Hon. Barbara C. Moses
February 10, 2022
Page-3-

courts; and 6) the public interest. *Louis Vuitton*, 676 F.3d at 99. The court turns
to a holistic consideration of these factors, mindful that none is dispositive.

*Securities and Exchange Commission v. Shkreli*, 2016 WL 1122029, at *4 (E.D.N.Y. 2016); *see also Corley v. Vance*, 2016 WL 11717323, at *1–2 (S.D.N.Y. 2016); *Parker v. Dawson*, No. 06-CV-6191 (JFB) 2007 WL 2462677, at *3 (E.D.N.Y. 2007) ("The weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment, ... but will deny a stay of the civil proceeding where no indictment has issued.") (citing *In re Par Pharmaceutical,* 133 F.R.D. 12, 13 (S.D.N.Y. 1990)); *see also Dresser Industries*, 628 F.2d at 1375-76 (A "strong[] case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter."); *Hicks v. New York*, 268 F. Supp. 2d 238, 242 (E.D.N.Y. 2003); Judge Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (S.D.N.Y 1989) ("The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues").

A stay of civil proceedings is particularly appropriate where a parallel criminal charge is pending against the defendant:

> When a defendant has been indicted, his situation is particularly dangerous, and takes a certain priority, for the risk to his liberty, the importance of safeguarding his constitutional rights, and even the strain on his resources and attention that makes defending satellite civil litigation particularly difficult, all weigh in favor of his interest.

*Sterling Nat. Bank v. A-1 Hotels Intern,* 175 F. Supp. 2d 573, 577 (S.D.N.Y. 2001). In *Corley v. Vance*, 2016 WL 11717323, Judge Failla noted the "the difficult choice between being prejudiced in the civil litigation, if the defendant asserts his or her Fifth Amendment privilege, or from being prejudiced in the criminal litigation if he or she waives that privilege in the civil litigation." The Court found that "a stay would serve to conserve substantial judicial resources…." Corley, 2016 WL 11717323, at *1-2.

Here, Dr. Baldeo, without opposition from Plaintiff, suggests a stay of these proceedings pending the outcome of the simultaneously pending indictment is in the mutual interest of the parties and is otherwise appropriate upon application of the relevant criteria, including: (1) the civil issues largely track the issues to be determined at any criminal trial; (2) the civil case has just been filed while the criminal case was indicted last year and motions are *sub judice*; (3) Plaintiff's interests will also be served by a stay since a criminal resolution may advance his claim and save resources;. In any event, Plaintiff agrees to a stay and we can think of no resulting prejudice; (4) Defendant's interests warrant a stay because he should not be forced to choose between testifying at a civil deposition in advance of his criminal trial or suffering a case-deciding negative inference should he refuse to give deposition testimony; (5) the interests of the courts warrant a stay since judicial resources will be spared by a state court adjudication on the issues largely truncating or resolving this federal matter; (6) the interests of persons not

LEVITT & KAIZER
ATTORNEYS AT LAW

Hon. Barbara C. Moses
February 10, 2022
Page-4-

parties to the civil litigation such as witnesses would be advanced by a stay, since they might not have to testify twice; and (7) the public interest warrants a stay for all the reasons discussed above.

For all the foregoing reasons, we respectfully request that the Court endorse the accompanying proposed Order staying the instant proceedings against Dr. Baldeo until the conclusion of the parallel criminal proceedings in *People v. Baldeo*, 1880/2021, now pending in NY Supreme Court, unless one or both of the parties seek to lift the stay upon good cause shown.

Respectfully submitted,

Richard W. Levitt
Levitt & Kaizer
*Attorneys for Defendant*
*Philip Baldeo, M.D.*

To:     Carmel T. Kappus
        DICELLO LEVITT GUTZLER, LLC
        (Counsel for Plaintiff)