# LEVITT & KAIZER
### ATTORNEYS AT LAW

RICHARD WARE LEVITT*
rlevitt@landklaw.com

NICHOLAS G. KAIZER*
nkaizer@landklaw.com

ZACHARY SEGAL
zsegal@landklaw.com

EMILY GOLUB
  of counsel
emilygolublaw@gmail.com

\*   ADMITTED IN NY, FLA., AND D.C.

40 FULTON STREET
17th FLOOR
NEW YORK, NEW YORK 10038-1850

TELEPHONE
(212) 480-4000

FACSIMILE
(212) 480-4444

November 4, 2022

BY ECF
Honorable Katherine P. Failla
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007



Re: Doe v. Baldeo, Docket Number 22 CV 00917 (KPF)

Your Honor:

This letter responds to that of counsel for John Doe, who seeks to lift the stay that has been in place thus far in consideration of the pendency of the related criminal action in Supreme Court, New York County, Ind. No. 01880/2021. We oppose this request. The same concerns that supported the initial stay remain extant. None of counsel's stated concerns are valid. Pretrial hearings were conducted in the criminal case on November 2, and we anticipate trial to commence early 2023 and take approximately three weeks.

## Legal Authority for Stay

Substantial authority supports a stay of civil proceedings during the pendency of parallel criminal proceedings. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Corley v. Vance*, 2016 WL 11717323, at *1–2 (S.D.N.Y., 2016)(KPF) citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones,* 520 U.S. 681, 706-08, (1997); *Kashi v. Gratsos,* 790 F.2d 1050, 1057 (2d Cir. 1986) ("[A] court *may* decide in its discretion to stay civil proceedings when the interests of justice seem to require such action.").

The standards for a stay of civil discovery because of a parallel criminal proceeding are well-established. The Second Circuit has held that "a court may decide in its discretion to stay civil proceedings … 'when the interests of justice seem … to require such action'" *Kashi v. Gratsos,* 790 F.2d

Case 1:22-cv-00917-KPF   Document 21   Filed 11/07/22   Page 2 of 4

LEVITT & KAIZER  
ATTORNEYS AT LAW

Hon. Katherine P. Failla  
November 4, 2022  
Page -2-

1050, 1057 (2d Cir. 1986) (*citing and quoting S.E.C. v. Dresser Industries,* 628 F.2d 1368, 1372 (D.C. Cir.) (*en banc*), *cert. denied,* 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980) and *Kordel,* 397 U.S. at 12 n. 27, 90 S.Ct. at 770 n. 27).

> In making determinations about stays, courts often consider: 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest. *Louis Vuitton*, 676 F.3d at 99. The court turns to a holistic consideration of these factors, mindful that none is dispositive.

*Securities and Exchange Commission v. Shkreli*, 2016 WL 1122029, at *4 (E.D.N.Y. 2016); *see also Corley v. Vance*, 2016 WL 11717323, at *1–2 (S.D.N.Y. 2016); *Parker v. Dawson*, No. 06-CV-6191 (JFB) 2007 WL 2462677, at *3 (E.D.N.Y. 2007) ("The weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment, ... but will deny a stay of the civil proceeding where no indictment has issued.") (citing *In re Par Pharmaceutical,* 133 F.R.D. 12, 13 (S.D.N.Y. 1990)); *see also Dresser Industries*, 628 F.2d at 1375-76 (A "strong[] case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter."); *Hicks v. New York*, 268 F. Supp. 2d 238, 242 (E.D.N.Y. 2003); Judge Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (S.D.N.Y 1989) ("The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues").

A stay of civil proceedings is particularly appropriate where a parallel criminal charge is pending against the defendant:

> When a defendant has been indicted, his situation is particularly dangerous, and takes a certain priority, for the risk to his liberty, the importance of safeguarding his constitutional rights, and even the strain on his resources and attention that makes defending satellite civil litigation particularly difficult, all weigh in favor of his interest.

*Sterling Nat. Bank v. A-1 Hotels Intern,* 175 F. Supp. 2d 573, 577 (S.D.N.Y. 2001). In *Corley v. Vance,* 2016 WL 11717323, this Court noted the "the difficult choice between being prejudiced in the civil litigation, if the defendant asserts his or her Fifth Amendment privilege, or from being prejudiced in the criminal litigation if he or she waives that privilege in the civil litigation." The Court found that "a stay would serve to conserve substantial judicial resources…." *Corley,* 2016 WL 11717323, at *1-2.

### Continuation of the stay is appropriate.

Each of the concerns expressed in the case law that militate in favor of a stay are present here. Referencing the six factors enumerated in *Shkreli*: 1) the issues in the criminal case overlap extensively with those presented in the civil case; 2) Dr. Baldeo has been indicted; 3) having to proceed with civil discovery at this time will not expedite the civil case, which under any circumstances would not be tried for a reasonable period of time after the criminal case is completed; 4) having to engage in discovery at this time would substantially burden Dr. Baldeo and his attorneys who are expending considerable resources on trial preparation, yet Doe's counsel has made no credible argument that his client is being prejudiced by a continuation of the stay; 5) the courts have no independent interest in lifting the stay; and 6) there is no public interest in this case.

None of Doe's counsel's specific concerns have merit. His claim that Dr. Baldeo destroyed his texts with Doe and therefore should be presumed to intend to destroy other evidence is both categorically false and ironic. Mr. Lax provides no support for his claim but apparently believes the Court will accept it at face value because he is "advised" it is so. It is, however, false, and if Mr. Lax believes otherwise he should identify the basis for his claim under oath. Mr. Lax's scurrilous assertion is also ironic because our trial Judge, the Hon. Daniel Conviser, entered an order on October 27, 2022 (Exhibit A), ruling he would give the jury a negative inference instruction because the People returned to Mr. Doe his own phone and Mr. Doe thereafter reported that it "broke" and that it was "sold for parts," thus destroying relevant evidence. Mr. Doe decided to sell his phone for parts in May 2022, even though the People asked him for its contents in October 2021. *See* Exhibit A, at 2.

Further, if Doe and his counsel were concerned about expediting these proceedings, Doe and his three family members whom Doe's counsel also represent would have fully and timely complied with the document

LEVITT & KAIZER
ATTORNEYS AT LAW

Hon. Katherine P. Failla
November 4, 2022
Page -4-

subpoenas we served in the criminal case on May 12, 2022. Instead, we were compelled to obtain orders to show cause against all three (Exhibit B), and thereafter received an incomplete jumble of documents from Mr. Lax that most certainly did not comply with the subpoenas and which will therefore require additional litigation.

For the foregoing reasons the stay should remain in effect.

Respectfully submitted,

Richard Levitt

RWL:rl

Cc: Joshua Lax (by ECF)

```
Application DENIED.  The Court is in receipt of Plaintiff's
letter motion to lift the Court's stay filed November 3,
2022 (Dkt. #19), and the above response from Defendant.  For
the same reasons stated in the Parties' Consent Letter
Motion to Stay this matter filed February 10, 2022 (Dkt.
#12), the Court DENIES the motion, and finds that the
interests of justice continue to require the stay of the
instant civil proceeding.  See United States v. Kordel, 397
U.S. 1, 12 n.27 (1970); Kashi v. Gratsos, 790 F.2d 1050,
1057 (2d Cir. 1986)(quoting SEC v. Desser Indus., 628 F.2d
1368, 1372 (D.C. Cir. 1980) (en banc)).

The Clerk of Court is directed to terminate the pending
motion at docket number 19.
```

Dated:   November 7, 2022
         New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE