UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BENI SEEDATH,

                                                   22 Civ. 917 (KPF)(BCM)

        *Plaintiff*,

    -v.-                                          **ESI PLAN AND CLAW BACK ORDER**

PHILIP BALDEO,

        *Defendant.*
------------------------------------------------------------X

The parties in this action stipulate and agree that the following ESI Plan and Claw back Order shall govern the preservation, collection and production of electronically stored information and documents in this action.

1. Description of Claims/Counterclaims/Crossclaims:

    Plaintiff filed claims for forced labor in violation of the Trafficking Victims Protection Act (TVPA), 18 U.S.C. § § 1589(a), 1595; Involuntary Servitude in violation of the TVPA, 18 U.S.C. § § 1584, 1595 ; Benefitting financially from trafficking persons in violation of the TVPA § § 1593A, 1595 and failure to pay federal minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. § § 2016, 216; fraud; assault and battery.

2. Plaintiff's Estimated Monetary Damages and Description of Other Relief Sought:

    Plaintiff seeks damages in excess of $75,000 for compensatory, consequential, general, nominal, punitive or exemplary damages as well as attorney's fees, costs, and expenses.

3. Defendant's Estimated Damages on any Counterclaim/Crossclaims and Description of Other Relief Sought:

    Dismissal of Plaintiff's Claims or Judgment for Defendant.

4. By signing below, counsel for the parties confirm that they have factored in the potential damages and relief sought in this case, as well as the resources of the parties, to develop an ESI Plan that is proportional to the needs of this case.

5. Meet and Confer. Pursuant to Fed. R. Civ. P. 26(f), counsel are required to meet and confer regarding certain matters relating to electronic discovery before the Initial Pretrial Conference (the Rule 16 Conference). Counsel hereby certify that they have met and conferred to discuss these issues.

Date(s) of parties' meet-and-confer conference(s):  December 15, 2023; January 11, and January

12, January 25, 2024.

*By signing below, the parties confirm that they have reviewed Judge Failla's Discussion Topics for Rule 26(f) Meeting.*

6. Preservation.

    a. The parties have discussed the obligation to preserve potentially relevant electronically stored information and agree to the following scope and methods for preservation, including but not limited to: (e.g., retention of electronic data and implementation of a data preservation plan; identification of potentially relevant data; disclosure of the programs and manner in which the data is maintained; identification of computer system(s) utilized; and identification of the individual(s) responsible for data preservation, etc.)

Plaintiff.  Plaintiff agrees to preserve all ESI for potential disclosure.

Defendant.  Defendant agrees to preserve all ESI for potential disclosure.

7. State the extent to which the parties have disclosed or have agreed to disclose the dates, contents, and/or recipients of "litigation hold" communications.

    Counsel have instructed the parties to preserve all documents whether electronic or otherwise that may be relevant to the instant proceeding.

8. Collection

    a. State the extent to which the parties have agreed on the scope of documents to be collected (e.g., custodians and files/folders, servers, databases) for search and review and agreement on methods of collection.

    Plaintiffs will produce discoverable non-privileged data and will continue to in accordance with the Fed. R. Civ. P.

    Defendant produced, on January 12, per the case management plan's deadline for Rule 26 Initial Disclosures, 7 folders consisting of 1.52 GB of data and will continue the search and collection of discoverable data. Defendants are in possession of voluminous amounts of discovery from Dr. Baldeo's criminal case; we will continue to review that data for discoverable material.

    **b.** Source(s) of Electronically Stored Information. The parties anticipate that discovery may occur from one or more of the following potential source(s) of electronically stored information [e.g., email, word processing documents, spreadsheets, presentations, databases, instant messages, web sites, blogs, social media, ephemeral data, etc.]
Plaintiff(s):
Plaintiff expects to seek the following categories of ESI from Defendant:

- Text messages sent and/or received by mobile devices;
- Email correspondence;
- Documents, including without limitation, relevant word documents, excel spreadsheets, PDFs, contained on computers.
- Media (including photos, videos, and voice notes) sent and/or received by electronic communication.

Defendant(s):

Defendant expects to seek the following categories of ESI from Plaintiff:

- Text messages sent and/or received by mobile devices;
- E-mail correspondence;
- Documents, including without limitation, relevant word documents, excel spreadsheets, PDFs, contained on computers.
Media (including photos, videos, and voice notes) sent and/or received by electronic communication.

To date, Defendant has not received any such ESI (or any documents, including Rule 26 Initial Disclosures) from Plaintiff.

  c.   Custodians/Databases. The parties have agreed that data will be collected from the following custodians/databases for review:

Plaintiff(s) and Defendant(s): The parties intend to seek documents and ESI from the other party. The parties may seek documents from third parties if the existence of relevant documents or ESI in the possession of third-parties if revealed during the course of discovery.

9. Search and Review –

   a. The parties have discussed methodologies or protocols for the search and review of electronically stored information, as well as the disclosure of techniques to be used. (Some of the approaches that may be considered include: the use and exchange of keyword search lists, "hit reports," and/or responsiveness rates; concept search; machine learning, or other advanced analytical tools; limitations on the fields or file types to be searched; date restrictions; limitations on whether back-up, archival, legacy, or deleted electronically stored information will be searched; testing; sampling; etc.) To the extent the parties have reached agreement as to search and review methods, provide details below:

Plaintiff(s) and Defendant(s): Plaintiff is not prepared at this time to suggest search methods, including search terms and/or date limitations, as the parties have not yet served any discovery requests. All discovery will be produced in PDF or native format, permitting the viewer to search the disclosed material.

10. Production

    a.       Limitations on Production. The parties have discussed factors relating to the scope of production, including but not limited to: (i) number of custodians; (ii) date ranges for which potentially relevant data will be drawn; (iii) timing of productions (including phased discovery or rolling productions); (iv) prioritization of review; and (vi) electronically stored information in the custody or control of non-parties. To the extent the parties have reached agreements related to any of these factors, describe below:

Plaintiff(s) and Defendant(s): No limitations on production have been agreed to at this time, save for the non-disclosure of non-discoverable material.

    b.       Form(s) of Production and Metadata to be produced: PDF and native format.

      i. The parties have readied the following agreements regarding the form(s) of productions and metadata fields to be produced:

Plaintiff(s) and Defendant(s): In their native format or other readily discoverable format, i.e., PDF.

      ii. Please specify any exceptions to the form(s) of production indicated above (e.g., word processing documents in TIFF with load files, but spreadsheets in native form):

        Files will be produced in their native format.

      iii. Methods to expedite review. The parties have discussed and agree to the following (e.g., de-deduplication, email threading, etc.)

The parties will produce documents in a Bates-stamped format. If a document is optically scanned and character recognized, the producing party will not remove that characteristic prior to production.

      iv. Privileged Material.

        1. Identification. The parties have agreed to the following method(s) for the identification (e.g., form of logs, acceptability of categorical logs for certain categories of communications, production of metadata log in lieu of or in advance of more limited document by document log, categories of documents that need not be logged, disclosure of number of documents withheld pursuant to certain privileges in lieu of document by document log), and the redaction of privileged documents:

In the event that a party withholds otherwise discoverable information on the ground of privilege, the withholding party must provide a log of the documents withheld on the ground of privilege. The privilege log must be detailed enough to enable other parties to assess the applicability of the privilege asserted, and should include: (1) the name and capability of each individual from whom or to whom a document and any attachments were sent (including which persons are lawyers); (2) the date of the document and any attachments; (3) the type of document; (4) the Bates numbers of the documents, (5) the nature of the privilege asserted; and (6) a description of the subject matter in sufficient detail to determine if legal advice was sought or revealed, or if the document constitutes work product.

2. The parties have discussed a 502(d) Order – Yes (*See* Doc. 40, Protective Order)

v. Cost of Production. The parties have analyzed their client's data repositories and have estimated the costs associated with the production of electronically stored information. The factors and components underlying these costs are estimated as follows:

1. Costs:

    Plaintiff(s):

    Less than $5,000

    Defendant(s):

    Less than $5,000

2. Cost Allocation. The parties have considered cost-shifting or cost- sharing and have reached the following agreements, if any:

    Each party to bear its own costs.

3. Cost Savings. The parties have considered cost-saving measures, such as the use of a common electronic discovery vendor or a shared document repository, and have reached the following agreements, if any:

    None.

The preceding constitutes the agreement(s) reached between the parties to certain matters concerning electronic discovery as of this date. Counsel certify that in connection with preparation of this ESI Plan and Order they are sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

| | |
|---|---|
| */s/Elizabeth Paige White* | */s/ Zachary Scott Segal* |
| Elizabeth Paige White | Zachary Scott Segal |
| **DICELLO LEVITT LLP** | **Levitt & Kaizer** |
| 1101 17th Street NW, Suite 1000 | 40 Fulton Street, 17th Floor |
| Washington, D.C. 20036 | New York, NY 10038 |
| (202) 975-2288 | (212) 480-4000 |
| pwhite@dicellolevitt.com | zsegal@landklaw.com |
| ***Attorney for Plaintiff*** | ***Attorney for Defendant*** |

```
The Court will retain jurisdiction over the terms and conditions
of this agreement only for the pendency of this litigation.
                                        SO ORDERED.
Dated:    January 29, 2024
          New York, New York
```

*[signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE